# EXHIBIT 1

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/27/2025 7:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Rodriguez, Deputy Clerk

MARK H. WAGNER (SBN 258214)
**WAGNER LEGAL GROUP, P.C.**
2601 Ocean Park Blvd. Suite 208
Santa Monica, CA 90405
Telephone: (310) 857-5293
Email: mark@wagnerlegalgroup.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAMES WAGNER, an individual, | Case No. 25STCV18789 |
| Plaintiff, | **PLAINTIFF'S COMPLAINT** |
| v. | 1. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5** |
| THE TRADE DESK, INC., a foreign corporation; and DOES 1 through 100, inclusive, | 2. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| Defendants. | 3. **FAILURE TO PAY WAGES** |
| | 4. **UNFAIR COMPETITION** |
| | 5. **WAITING TIME PENALTIES** |
| | 6. **UNJUST ENRICHMENT/QUASI CONTRACT/RESTITUTION/QUANTUM MERUIT** |
| | 7. **CONVERSION** |
| | 8. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | **JURY TRIAL DEMANDED** |

_____
PLAINTIFF'S COMPLAINT

Plaintiff James Wagner complains and alleges as follows:

**PARTIES**

1. Plaintiff James Wagner, at all times relevant hereto, has been a resident of the State of California, Los Angeles County.

2. Defendant THE TRADE DESK, INC is a Delaware entity and is authorized to do business and/or do business in California, including in Los Angeles County, California. Its corporate headquarters and principal place of business is in California.

3. The true names and capacities of the defendants named herein as Does 1 through 5 are believed to be individuals whose names are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to California Code Civil Procedure § 474. Plaintiff is informed and believes that all these Doe defendants are California residents who work for corporate defendant here in California and live and work in California. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant, the agent, employee, or representative of the remaining defendants and was acting at least in part, within the course and scope of such relationship in doing the things herein alleged. These Defendants are collectively liable under either a joint employer theory or a single enterprise theory or an integrated enterprise theory or agency theory.

4. The true names and capacities of the defendants named herein as Does 6 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants by fictitious names pursuant to California Code Civil Procedure § 474. Plaintiff is informed and believes that all of the Doe defendants are California residents or do business and are authorized to do business in California. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant, the agent, employee, or representative of the remaining defendants and was acting at least in part, within the course and scope of such relationship in doing the things herein alleged. These Defendants are collectively liable under either a joint employer theory or a single enterprise theory or an

1  integrated enterprise theory.  Further, upon information and belief, the Defendant entities,
2  although organized separately, are actually mere shells or conduits.
3       5.     Plaintiff is informed and believes and based thereon alleges that at all times
4  herein, Defendants, and each of them, were the agents, servants, employees, partners, successors
5  in interest, predecessors in interest, co-venturers, co-conspirators or alter egos of every other
6  Defendant, and that all acts and omissions herein complained of were performed within the course
7  and scope of said relationships.  In addition, each of the acts and omissions of the Defendants, and
8  clearly each of them, was engaged in with the full authorization and satisfaction of each of
9  them.  All Defendants were acting as co-conspirators, and/or individually, regarding each of the
10 acts, occurrences, omissions, damages, and causes of action alleged in this complaint.
11      6.     At all times herein mentioned corporate Defendants were and are subject to the
12 laws of the State of California.

## JURISDICTION AND VENUE

14      7.     This Court has personal jurisdiction over each of the Defendants because they are
15 and have been doing business in the State of California.  It is also proper in this county in
16 accordance with Section 395(a) of the California *Code of Civil Procedure* because Defendants did
17 business in Los Angeles County and Plaintiff was employed and worked in said county and lived
18 in said County.

## FACTS COMMON TO ALL ALLEGATIONS

20      8.     Plaintiff began working for Defendants in or about May 2016 as an Integrations
21 Manager. During his time, he demonstrated that he was an exemplary employee. He was
22 consistently a top 5% performer on a global team, significantly exceeded yearly performance
23 goals, and built various teams as acknowledged by executive leadership. For being an excellent
24 employee, he received numerous raises and at least four promotions during his tenure.
25      9.     Starting in or about 2023, Plaintiff began having issues with Defendants and their
26 sponsored healthcare plan, UnitedHealthcare. Plaintiff has an autistic child and repeatedly kept
27 running into issues with the coverage. He repeatedly reported to Defendants that he was owed
28 tens of thousands of dollars due to improper denial of claims. He tried to get Defendants and its

carrier to work together to resolve the issues, but they all refused. Plaintiff reported that he was wasting a lot of time and money and needed help with this illegal practice. Defendants kept telling Plaintiff they would get it resolved, and he needed to be patient.

10. In or about late February and early March 2025, Plaintiff reported what he reasonably believed was illegal conduct. He reported to his supervisor that he believed Defendant was misleading in its communications about its abilities and products to investors and pointed to documents showing what believes were lies. In other words, he thought they were misleading investors and making fraudulent statements and that it amounted to securities fraud. He indicated that he wanted this expressed to his bosses and wanted to discuss it shortly thereafter.

11. After he made such protected reports, he felt he was treated differently.

12. After not hearing back about his protected reports, on either issue, and becoming frustrated about his continually having to deal with the illegal conduct, in or about April 2025, Plaintiff indicated to Defendants that he was going to leave the company in a few months if things did not change. He indicated that HR was not fixing the problems that he thought related to illegal insurance practices, issues with the technology, and other issues. He reported that he was improperly forced on FMLA and denied payment due to the illegal practices. He had not heard back about the report of securities fraud. He indicated he wanted to leave in the next few months on good terms, but hoped things would change. After sending the email, he went to speak to his supervisor. Realizing his emotions, he made clear to his supervisor that he was not immediately resigning. He made clear that he did not really want to leave but wanted improvement and support. He said he would be hopeful things could change but if not, he would have no choice. They talked about what that could look like over a few months and perhaps a path to continued success by him. Plaintiff also felt and expressed to his supervisor that nothing was changing with respect to his protected reports and he had concerns about staying while this fraud was ongoing.

13. Over the next couple of days, they had multiple conversations and again, Plaintiff reiterated he had not resigned but wanted to let them know he would be leaving in the future if things did not change. He explained it may have not been the most artful communication of it in his initial email, but he wanted it to be clear. He also noted he would never leave before his

1  Restricted Share Units (RSUs) vested weeks later in May. His supervisor understood and said it
2  would be not be an issue and he could stay and hopefully things would improve.
3      14.    After making protected reports detailed above, Plaintiff's supervisor told him that
4  Chief Strategy Officer/Executive Vice President and Board Member, Samantha Jacobson, wanted
5  him out of the company. This was reiterated more than once, and it was said again once they had
6  the discussion about him leaving.
7      15.    Shortly after some of the conversations in April 2025, Plaintiff reached out to
8  Defendants to discuss various issues and potential resolution on the disputes. Plaintiff reiterated
9  that he had not resigned and expected to stay on. Despite hearing that, Defendants insisted he
10 resigned essentially immediately, and insisted he only had a few days left. Plaintiff rebutted it
11 again and said they could fire him, but he was not resigning and had made that clear, repeatedly.
12 Despite knowing this, Defendants simply forced him out days later, saying it could decide when
13 he resigned after keeping him on to help for a few days. He made clear he would take it as a firing
14 and they still forced him out.
15     16.    Plaintiff was never paid the wages in the form of his RSUs because Defendants
16 intentionally and wrongfully terminated him days before his vesting. They prevented Plaintiff
17 from performing the contract to obtain the RSUs.
18     17.    Plaintiff seeks at least $2,000,000.

**FIRST CAUSE OF ACTION**
**Retaliation in Violation of Labor Code § 1102.5**
(Against All Defendants and Does)

    18.    Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

    19.    At all times mentioned, California Labor Code section 1102.5 *et. seq.*, prohibits employers from: (a) implementing policies preventing employees from disclosing reasonably based suspicions of violations of state or federal statutes to government agencies and their employers; (b) retaliating against employees who have disclosed reasonably based suspicions of violations of state or federal statutes to government agencies and internally to their employers, and

(c) retaliating against employees who refuse to participate in activities that would result in violations of state or federal statutes. Subsections (a) and (b) of Labor Code section 1102.5 specifically protect employees who make complaints directly to their employer. The statute also protects those who are perceived to be whistleblowers or connected to the same, i.e. preemptive retaliation is illegal.

20. As detailed above, Plaintiff complained to Defendants about their illegal conduct As detailed above, Plaintiff made numerous reports. Plaintiff reasonably believed he was reporting illegal conduct. Plaintiff was eventually retaliated against and fired.

21. Plaintiff's employment was terminated in violation of California Labor Code section 1102.5 *et. seq*. Defendants' conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiffs' protected activity in violation of California Labor Code section 1102.5 *et. seq*. Specifically, Plaintiff's termination violated subsections (b) and (c) of Labor Code section 1102.5.

22. As a direct and proximate result of the willful, knowing, and intentional wrongful conduct described herein, Plaintiff has suffered damages in the form of lost wages and employment benefits in an amount to be proved at the time of trial, but in any event sufficient to satisfy the jurisdictional limits of this Court. Plaintiff has also been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities. Plaintiff also suffered anxiety, humiliation, embarrassment, emotional, and physical distress, and has been injured in mind and body, in an amount to be proved at the time of trial.

23. Defendants, through its officers, directors, and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct aided, abetted, authorized and ratified the wrongful conduct herein alleged. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights, and/or with an improper and evil motive amounting to malice.

24. Plaintiff is thus entitled to recover punitive damages, in addition to compensatory damages, from Defendants in an amount according to proof.

25. Plaintiff seeks all damages, as well as any statutory damages or penalties, if permitted by law, and interest permitted by law.

26. As a result of retaliatory and unlawful acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California law.

## SECOND CAUSE OF ACTION
### WTVPP
(Against Corporate Defendants and Does)

27. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

28. As set forth in *Government Code* § 12940(a), there exists a public policy in California prohibiting retaliation and discrimination. The State of California's Constitution, Article 1, and the public policy expressed therein also prohibits such discrimination.

29. It is against fundamental California public policy to retaliate against an employee for making complaints or complaining/reporting possible illegal activity or to be a perceived whistleblower. These public policies are outlined in numerous statutes and cases. *See e.g.,* CAL LAB. CODE §1102.5; *Gould v. Maryland Sound Industries, Inc.*, 31 Cal.App.4th 1137 (1995); *Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563; *Collier v. Superior Court*, 228 Cal.App.3d 1117 (1991).

30. Plaintiff was wrongfully discharged in violation of said public policies.

31. Defendants, willfully, knowingly, and intentionally broke the law. Defendants had a conscious disregard of the rights and safety of Plaintiff. Defendants' actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights, and/or with an improper and evil motive amounting to malice.

32. As a direct and proximate result of the willful, knowing, and intentional wrongful conduct described herein, Plaintiff has suffered damages in the form of lost wages and

employment benefits in an amount to be proved at the time of trial, but in any event sufficient to satisfy the jurisdictional limits of this Court. Plaintiff has also been harmed in that Plaintiff has suffered the intangible loss of employment-related opportunities. Plaintiff also suffered anxiety, humiliation, embarrassment, emotional, and physical distress, and has been injured in mind and body, in an amount to be proved at the time of trial.

33. Plaintiff is further informed and believes that Defendants, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct aided, abetted, authorized and ratified the wrongful conduct herein alleged. Defendant's actions were willful, malicious, fraudulent and oppressive, and were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights, and/or with an improper and evil motive amounting to malice.

34. Plaintiff is thus entitled to recover punitive damages, in addition to compensatory damages, from Defendants in an amount according to proof.

### THIRD CAUSE OF ACTION
Failure To Pay Wages
(Against Corporate Defendants and Does)

35. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

36. At all times relevant, Defendants were required to compensate employees for all hours worked, pursuant to Wage Orders, Code of Regulations, Title 8, Chapter 5, § 11070, Labor Code §§ 201, 202, 203, 204, 210, 218.5, 218.6, 226.7, 510, 512, 1194, and 1194.2.

37. Defendants failed to compensate Plaintiff for all hours worked by not compensating him for hours worked. Labor Code §§ 218.5, 218.6 and 1194(a) provides that an employee who has not been paid compensation, including overtime, as required by §1198 may recover the unpaid balance of the full amount of such wages, together with attorney's fees, costs of suit, and interest thereon.

7
PLAINTIFF'S COMPLAINT

38. Plaintiff is entitled to recover compensation for all hours worked, but not paid, plus reasonable attorney's fees and costs of suit pursuant to Labor Code § 218.5 and premiums pursuant to Labor Code §§ 203 and 226. Plaintiff is entitled to recover damages for the nonpayment of wages of all hours worked that were improperly deducted by Defendants' policies, liquidated damages for underpayment of minimum wages, penalties, reasonable attorney's fees, expenses, and costs of suit.

39. Labor Code §1194 *et. seq.*, IWC Wage Orders and Code of Regulations Title 8 § 11050 provide that employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 ½) times his or her regular rate of pay, and shall not be employed more than twelve (12) hours in any workday or more than eight (8) hours on the seventh (7th) consecutive workday in any workweek unless the employee receives double his or her regular rate of pay. This was violated.

40. Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned and all hours worked. As a direct result, Plaintiff has suffered losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their legal obligation, all to their respective damage. Plaintiff is thus entitled to recover nominal, actual, and compensatory damages in amounts according to proof at time of trial, but in amounts in excess of the jurisdiction of this Court.

41. Pursuant to Labor Code §§ 218.5, 218.6, 1194, and 1194.2, Plaintiff is entitled to recover unpaid wages, plus interest, liquidated damages, attorneys' fees and costs.

42. Defendants' conduct described herein violates the California *Code of Regulations*, Title 8, §11070, and *Labor Code* §§200, 203, 226, 226.7, 512, and 1194. Plaintiff is entitled to recover, in addition to the unpaid balance of overtime compensation defendants owe him, interest, penalties, attorneys' fees, expenses and costs of suit. Plaintiff asserts a claim for penalties pursuant to any applicable *Labor Code* sections, including but not limited §§201, 202, 203, 204, 210, 225.5, 223, 226, 226.3, 226.7, 510, 512, 1194, and 1194.2.

## FOURTH CAUSE OF ACTION
Unfair Business Practices in violation of Bus & Prof. Code § 17200 *et. seq.*
(Against Corporate Defendants and Does)

43. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

44. Wage and hour laws express fundamental public policy. Providing employees with wages and wages upon termination and/or resignation and paying overtime and paying regular wages, and/or providing wage statements are fundamental public policies of this State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their standards. The California Supreme Court has also repeatedly declared that wage and hour laws express fundamental public policies.

45. Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices.

46. Through the conduct alleged herein, Defendants, and each of them, have acted contrary to California law.  Defendants committed wage/hour violations discussed throughout, and in various causes of action asserted herein. As a result, Defendants have engaged in other unlawful and unfair business practices in violation of §17200, *et. seq.*  All the above constitutes unlawful and unfair practices prohibited by *Business & Professions Code* Section 17200, *et seq.* The practices described above were unfair within the meaning of § 17200, *et. seq.*, because the acts were intentionally performed to harm Plaintiff and violated various laws.

47. Plaintiff has suffered injury in fact.  For example, the wage/hour violations discussed in this cause of action, and throughout this complaint, show that Plaintiff lost out on the benefits he would have otherwise been entitled to.

48. Plaintiff is informed and believes, and based thereon alleges, that the unlawful, unfair business practices described above present a continuing threat to members of the public because it is believed that Defendants continue to operate in the illegal manner as alleged above.

Further, such skirting of the California laws presents a threat to the general public in that the enforcement of the laws is essential to ensure that all employers compete equally, and that no employer receives an unfair competitive advantage at the expense of its employees.

49. As a result of the unlawful, unfair and/or fraudulent acts, Defendants have reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and to unfairly compete with law abiding competitors. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains. The unfair, fraudulent, and unlawful business practices of Defendants are likely to continue because Defendants appear to have a pattern and practice of committing the same type of misconduct as alleged herein; therefore, the imposition of a preliminary injunction is justified.

50. As a direct and proximate result of the above-alleged misconduct, Plaintiff is entitled to and hereby seeks restitution in an amount to be proven at trial for the last four years from the date this complaint was filed.

51. As a direct and proximate result of the aforesaid acts and conduct, Plaintiff is entitled to and hereby seeks attorneys' fees as permitted by law and as provided for by §1021.5 of the California Code of Civil Procedure, and/or any other relevant statutes or laws.

**FIFTH CAUSE OF ACTION**
Waiting Time Penalties
(Against Corporate Defendants and Does)

52. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

53. Defendants' wage/hour violations detailed herein constitute a violation of the statutory obligation to pay Plaintiff all wages due upon separation and entitles Plaintiff to "waiting time" penalties under Labor Code § 203.

54. At all times herein mentioned, Plaintiff was an employee of Defendants. Defendants were subject to California law.

55. California Labor Code §§ 201 and 202 require that an employer promptly pay all wages due to quitting or discharged employees.  Labor Code section 203 provides a penalty for the

willful failure to pay all wages due to an employee who is discharged under section 201 or quit under § 202.  This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

56. As set forth in § 201, upon the end of Plaintiff's employment, Defendants were obligated to pay all compensation earned and unpaid at time of termination.  Defendants did not do this.  At the time of his termination, Plaintiff was owed wages.  Under section 203, Defendants are obligated to pay Plaintiff a waiting-time penalty, up to the equivalent to thirty full working days' worth of wages. Here, Defendants have failed and refused to comply.

57. Plaintiff seeks costs, interest, disbursements, and attorneys' fees, as provided by Labor Code §§218.5 and 218.6, 1194(a), and/or any other relevant statutes or laws.

**SIXTH CAUSE OF ACTION**
Unjust Enrichment/Quasi Contract/Restitution/Quantum Meruit
(Against Corporate Defendants and Does)

58. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

59. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

60. Defendants were enriched at the expense of Plaintiff and Defendants were unjustly enriched by the conduct and failure to pay the wages.

61. Plaintiff is entitled to restitution under California law.

62. Plaintiff is entitled to a constructive trust.

**SEVENTH CAUSE OF ACTION**
Conversion
(Against Defendants and Does)

63. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said

paragraphs were set forth in full herein.

64. Plaintiff claims that Defendants wrongfully exercised control over his property, the RSUs/wages.

65. At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiff all earned wages due to him. Such wages belonged to Plaintiff at the time the labor and services were provided to Defendants, and accordingly such wages are the property of Plaintiff, not Defendants. The same is true for the RSUs he clearly earned.

66. Defendants knowingly and intentionally failed to pay Plaintiff earned wages and withheld the RSUs. Instead, Defendants converted Plaintiff's rightfully earned wages to Defendants' own use and benefit and converted his RSUs. Defendants converted such as part of an intentional and deliberate scheme to maximize their profits at Plaintiff's expense.

67. Plaintiff has been injured by Defendants' intentional conversion. Plaintiff is entitled to immediate possession of all amounts converted by Defendants, with interest.

68. Despite this demand, Defendants refuse to pay Plaintiff the RSUs.

69. By virtue of the wrongful conversion and retention, Plaintiff has been damaged by Defendants.

70. The above-described acts by said Defendants were engaged in with a deliberate, cold, callous, malicious, and intentional manner to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code §3294. In doing the things herein alleged, she was guilty of oppression and/or malice, entitling Plaintiff to the recovery of punitive damages in an amount to be proven at the time of trial.

**EIGHTH CAUSE OF ACTION**
(For Breach of the Implied Covenant of Good Faith and Fair Dealing)
(Against Defendants and Does)

71. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

72. Plaintiff has at all times duly performed all the conditions of the employment until prevented from doing so by Defendants. At all times relevant to this complaint, Plaintiff had been

12
PLAINTIFF'S COMPLAINT

ready, willing, and able to perform his job.

73. Plaintiff was employed by Defendant under a contract that provided him restricted share units. As a result of the employment relationship which existed between Plaintiff and Defendants, the express and implied promises made in connection with the relationship and the acts, conduct and communications resulting in these implied promises, Defendants promised to act in good faith toward and deal fairly with Plaintiff, which included express, implied-in-fact and implied-in-law terms and conditions relied on by Plaintiff.  The parties had an implied-in-law covenant of good faith and fair dealing that neither party would do anything to injure the right of the other party to enjoy the actual benefits of those contracts.

74. Defendants breached the express and implied contractual commitments and implied covenant by taking actions to prevent Plaintiff from earing the compensation under the agreements.  Defendants broke the law.

75. As a result of Defendants breach and unlawful conduct as alleged herein, Plaintiff has suffered and continues to suffer a loss of wages and benefits and potentially future wages and benefits, future earnings and benefits, past and future commissions, loss of security and income associated with his former employment, and expenses and losses incurred in the search for comparable employment, in an amount in excess of the jurisdictional minimum of this Court.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury as to all causes of action, to the extent permitted by law.

## **PRAYER FOR RELIEF**

WHEREFORE, prays that Judgment be entered in her favor and against Defendants, as follows, for:

    a. For general damages according to proof,

    b. For special damages according to proof;

    c. For loss of earnings, according to proof;

    d. For punitive damages, according to proof;

    e. For interest as allowed by law;

f. For attorneys' fees and costs as allowed by law;

g. For such other and further relief as this Court deems just and proper

Dated: June 27, 2025  **WAGNER LEGAL GROUP, P.C.**

By: _____
Mark H. Wagner
Attorneys for Plaintiff